J-S01012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                           :                PENNSYLVANIA
                                           :
            v.                          :
                                           :
                                           :
DENNIS LEE ENGLERT              :
                                           :
             Appellant            :     No. 841 MDA 2023

Appeal from the Judgment of Sentence Entered June 8, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000357-2020


COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                             :                PENNSYLVANIA
                                           :
            v.                          :
                                           :
                                           :
DENNIS LEE ENGLERT              :
                                           :
             Appellant            :     No. 842 MDA 2023

Appeal from the Judgment of Sentence Entered June 8, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002188-2020


BEFORE:    PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: MARCH 21, 2024**

---

[*] Retired Senior Judge assigned to the Superior Court.

Dennis Lee Englert appeals from the judgment of sentence in two dockets entered following his convictions of possession of a controlled substance by an inmate.[1] We affirm.

In an information filed on March 10, 2020, at trial court docket number CP-40-CR-357-2020, Englert was charged with possession of a controlled substance by an inmate stemming from possession of Suboxone on April 19, 2019. On November 11, 2020, at trial court docket number CP-40-CR-2188-2020, the Commonwealth filed an information charging Englert with the same crime, as well as controlled substance contraband to confined persons prohibited,[2] related to his possession of Suboxone on March 10, 2020.

On April 23, 2022, Englert proceeded to a one-day jury trial at 357-2020, at the conclusion of which he was found guilty. On June 8, 2022, the trial court held a hearing on pre-trial motions at 2188-2020, after which the court began the sentencing hearing for the matter at 357-2020. Partially through the sentencing portion of the hearing, after Englert gave his allocution, a recess was taken. Following the recess, Englert tendered a guilty plea to the crime of possession of a controlled substance by an inmate in the case at 2188-2020. The plea agreement reflected that the Commonwealth had

---

[1] 18 Pa.C.S.A. § 5123(a.2).

[2] 18 Pa.C.S.A. § 5123(a).

no objection to the sentence to be imposed at 2188-2020 running concurrently with the sentence to be imposed at 357-2020.

After accepting the guilty plea, the trial court proceeded to sentencing. The court issued a sentence of 42 to 84 months of incarceration at case 357-2020, which was to run consecutively with any sentence Englert was currently serving. At case 2188-2020, the court sentenced Englert to serve a term of incarceration of 42 to 84 months, to run concurrently with the sentence at 357-2020.

Following proceedings under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, Englert's post-sentence and appellate rights were reinstated on March 27, 2023. Englert filed post-sentence motions, which the trial court denied. This appeal followed.[3] Englert presents issues challenging the sufficiency of the evidence to support his conviction and the discretionary aspect of sentencing.[4]

---

[3] We observe that Englert filed two notices of appeal, one at each of the trial court docket numbers. On June 30, 2023, the appeals were consolidated.

[4] We note with disapproval that the Commonwealth failed to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain 'a summary of argument and the complete argument for appellee.'" **Commonwealth v. Pappas**, 845 A.2d 829, 835 (Pa. Super. 2004) (quoting Pa.R.A.P. 2112). In **Pappas**, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." **Id**. We echo that opinion and remind the Commonwealth of its obligation to file an appellee's brief in future appeals.

Englert first argues that the Commonwealth failed to present sufficient evidence to support his conviction of possession of a controlled substance by an inmate at 357-2020. **See** Appellant's Brief, at 6-9. Specifically, he argues that because the contraband was not found on his person, the Commonwealth bore the burden of establishing constructive possession. **See id**. at 7. Englert asserts that the Commonwealth "presented 'equivocal evidence' that drugs 'may have been found in his locker.'" **Id**. at 9. He further posits that none of the Commonwealth's witnesses "could identify the locker [where the Suboxone was discovered] as [belonging to Englert] or prove that he had exclusive access or dominion over said locker." **Id**. Accordingly, we are called upon to determine whether the evidence was sufficient to conclude that Englert possessed the Suboxone while incarcerated for purposes of Section 5123(a.2).[5]

_____

[5] To the extent that Englert is attempting to challenge the weight of the evidence with an attack of the credibility of the evidence presented by the Commonwealth, we observe that he has failed to preserve a challenge to the weight of the evidence for our review. Pa.R.Crim.P. 607 and its comment instruct that to preserve a claim that a verdict is against the weight of the evidence for appellate review, the issue must be raised with the trial judge in a motion for a new trial either orally or in writing prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607. We reiterated in **Commonwealth v. Gillard**, 850 A.2d 1273, 1277 (Pa. Super. 2004), "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." **Id**. at 1277 (citing Pa.R.Crim.P. 607, cmt). As this Court concluded, "Rule 607 clearly requires that such a claim be raised initially by a motion to the trial court, and the failure to do so compels this Court to find the issue waived, even if it was ultimately addressed

*(Footnote Continued Next Page)*

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citations omitted).

The crime of possession of controlled substance contraband by inmate prohibited is defined in our Crimes Code as follows:

> A prisoner or inmate commits a felony of the second degree if he unlawfully has in his possession or under his control any controlled substance in violation of section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act. For purposes of this subsection, no amount shall be deemed de minimis.

---

by the trial court in its Rule 1925(a) opinion." ***Gillard***, 850 A.2d at 1277 (citation omitted).

Here, Englert filed a written post-sentence motion with the trial court after his rights were reinstated by the PCRA court. However, our review of the post-sentence motion reflects that Englert did not challenge the weight of the evidence. Therefore, we conclude that any purported challenge to the weight of the evidence is waived. ***See*** Pa.R.Crim.P. 607; ***Gillard***, 850 A.2d at 1277.

18 Pa.C.S.A. § 5123(a.2). Therefore, a defendant is guilty of possession of a controlled substance by an inmate if he unlawfully has a controlled substance in his possession while he is a prisoner or inmate.

The Crimes Code defines the term "possession" as "an act, within the meaning of this section, if the possessor knowingly procured or received the thing possessed or was aware of his control thereof for a sufficient period to have been able to terminate his possession." 18 Pa.C.S.A. § 301(c).

To establish the element of possession, this Court has explained that "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted). It is undisputed that Englert was not in actual possession of the Suboxone. Rather, the contraband was discovered in one of the two lockers in his prison cell during the execution of a search. It is further undisputed that Englert's cellmate, Reid, was not present during the execution of the search warrant.

We previously have determined:

> Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the **defendant has the power to control the contraband and the intent to exercise that control**. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

*Parrish*, 191 A.3d at 36–37 (internal citations and quotations omitted) (emphasis added).

In addition, the power and intent to control contraband does not need to be exclusive to a defendant to find constructive possession. Our Supreme Court has recognized that "constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." *Commonwealth v. Johnson*, 26 A.3d 1078, 1094 (Pa. 2011) (citation and brackets omitted).

In addressing the sufficiency of evidence challenge, the trial court opined that "[h]aving presided over the trial in this matter, this [c]ourt has no doubt that the evidence was more than sufficient to enable a jury to find [Englert] guilty of possession of a controlled substance by an inmate." Trial Court Opinion, 8/3/23, at 3. In reviewing the evidence presented the trial court offered the following:

> At trial Carl Benyon, a corrections officer at SCI Dallas testified that he was part of a team tasked with removing the Appellant from his cell and conducting a search of that cell. (N.T. 4/23/2022 pg. 29-30). Mr. Benyon testified that a search of the Appellant's locker in his cell resulted in recovering more than twenty (20) suboxone strips. (Id.) The contraband suboxone was kept in the locker with various other personal items belonging to the Appellant. (pg. 30).

Lieutenant Mitkowski was also present when the Appellant was removed from his cell prior to the search and he observed the Appellant cup his hand and place it over his mouth as though he was ingesting something. N.T. (pg. 47-48, 53). The Appellant was thereafter taken to a body scanning device kept at the State Correctional Facility and the x-ray type machine revealed the presence of an unusually dense non food [sic] item in the area of the Appellant's stomach. (N.T. pg. 71-72).

These facts taken together more than amply prove the Appellant's guilt beyond a reasonable doubt. Accordingly, the jury's verdict was amply supported by evidence sufficient to support the Appellant's conviction beyond a reasonable doubt.

Trial Court Opinion, 8/3/23, at 5. We agree.

Our review of the record reflects that Corrections Officer Carl Beynon, a prison guard at SCI Dallas, testified that at approximately 4:30 p.m. on April 19, 2019, he received instructions to conduct an investigative search of Englert's cell. **See** N.T., 4/23/22, at 26-27. Beynon explained that after Englert was escorted from his cell, Beynon and Corrections Officer Ronny Pavlick conducted the search. **See id**. at 28. Beynon stated:

I found in [Englert's] wall locker wrapped in an individually-wrapped toilet paper [inside of a cardboard tube], it appeared to be something orange. Upon further inspection and testing, it was 20 and, I believe, a half individually-wrapped orange in color strips of Suboxone, visibly identified orange color, the N-8 logo. Then upon further testing, I believe through the test kit, it tested positive for Suboxone.

**Id**. at 29. Beynon further testified that additional items belonging to Englert were found in the locker. **See id**. at 29-30. He observed that the locker held papers addressed to Englert containing "his name and numbering." **Id**. at 30. In addition, Beynon explained that the cell has two lockers and "One, had

articles that would indicate they belonged to the other inmate; and the other had articles that would indicate it belonged to [Englert]." *Id*. at 44.

The Commonwealth also presented testimony from Lieutenant James Mitkowski, II, a corrections officer at SCI Dallas at the time in question. Mitkowski explained that he was with the team instructed to retrieve Englert from his cell. *See* N.T., 4/23/22, at 47. Mitkowski testified that when Englert was ordered off his bunk, he watched Englert hop down from the top bunk and place his cupped hand to his mouth as if "placing something in his mouth." *Id*. at 48. Mitkowski described that Englert was handcuffed, taken to another room for an unclothed search, and then taken to a body scan machine. *See id*. at 48-49.

Likewise, Corrections Officer Geoffrey Kehl testified that he was with the escort team that retrieved Englert from his cell. *See* N.T., 4/23/22, at 61-62. Kehl offered the following concerning his observations:

> I gave [Englert] an order to step down off his bunk. He turned to get off the bunk and put something in his mouth for a brief second. It was quick. His hand was cupped, and he put it into his mouth. … I couldn't see what was in his hand, but his hand was cupped, and he put it in his mouth.

*Id*. at 62.

Finally, the Commonwealth presented the testimony of Sergeant Michael Sankey, the officer who performed the machine body scan on Englert. Sankey stated that the results indicated "[t]here was an 80 percent probability of the presence of contraband inside of [Englert's] body." N.T., 4/23/22, at 71.

Sankey noted that the imaging showed an object around the stomach area that did not appear to be food. *See id*. at 72.

After review of the record, and consideration of the evidence in the light most favorable to the Commonwealth, we conclude this evidence, albeit circumstantial, conclusively ascertains that Englert had the power to control the contraband discovered in his prison cell and the intent to exercise such control, thereby establishing his constructive possession of the Suboxone. *Johnson*, 920 A.2d at 882. Accordingly, Englert's claim that the Commonwealth failed to present sufficient evidence to support his conviction lacks merit.

Englert last argues the trial court abused its discretion in fashioning his sentence. *See* Appellant's Brief, at 10-11. In essence, Englert alleges the trial court ignored the mitigating factor of his addiction and concomitant rehabilitative needs. Therefore, he contends the trial court abused its discretion in failing to consider pertinent factors when creating his sentence.

Our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

It is well settled there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects

- 10 -

of a sentence, the appeal should be considered a petition for allowance of appeal. **See Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation and brackets omitted).

Here, the first three requirements of the four-part test are met. Englert brought an appropriate appeal, raised the issue in a post-sentence motion, and included in his appellate brief a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). We next consider whether he has raised a substantial question requiring us to review the discretionary aspects of the sentence imposed.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super.

- 11 -

2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *See Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006).

Here, Englert argues the trial court abused its discretion by failing to consider mitigating factors pertaining to his addiction and need for rehabilitation. This Court has found a substantial question exists where there is an allegation that the sentencing court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b).[6] *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S.A. § 9721(b)). Therefore, Englert has raised a substantial question. Accordingly, we grant permission to appeal and proceed to review the merits of this sentencing claim.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super.

---

[6] The factors to be considered under 42 Pa.C.S.A. § 9721(b) include: the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. *See* 42 Pa.C.S.A. § 9721(b).

2022). In this context, an abuse of discretion is not shown merely by an error in judgment. *See id*. Rather, an appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *See id*.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position "to view a defendant's character, displays of remorse, defiance, or indifference and the overall effect and nature of the crime." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation omitted). As we have stated, "[a] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002) (citation omitted). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*.

In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citation omitted).

In reviewing Englert's challenge to the sentence imposed in the standard range of the Sentencing Guidelines, and the alleged failure to consider particular factors, the trial court specifically noted its reliance on Englert's PSI. The court stated,

> Following [Englert's] conviction at trial, we [o]rdered a [PSI]. We reviewed that PSI prior to sentencing. Where the sentencing court has the benefit of reviewing a PSI the Superior Court presumes that the sentencing court was aware of relevant information regarding the defendant's character and weighted those considerations along with mitigating statutory factors.

Trial Court Opinion, 8/3/23, at 7-8.

Our review of the record reflects, and it is undisputed that, at Englert's sentencing, the trial court received and reviewed a presentence report and considered argument from defense counsel. *See* N.T., 6/8/22, at 9-10, 18-20. In addition, the trial court heard Englert's detailed allocution explaining his struggle with Suboxone addiction, desire for rehabilitation and treatment, need to care for his fiancée and their children, and his efforts to improve his life. *See id*. at 10-12.

Prior to announcing the judgment of sentence, the trial court discussed the PSI with Englert and his counsel, which evinced an understanding of the relevant factors surrounding Englert's sentence. *See id*. at 18-20. Because the trial court had been fully informed and relied upon the PSI, we conclude the trial court did not abuse its discretion in creating the instant sentence. *Ventura*, 975 A.2d at 1133. Accordingly, Englert's claim that the trial court abused its discretion by failing to consider the appropriate factors in imposing

the sentence lacks merit. Based on the foregoing, we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/21/2024</u>